IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KOMLA DETSIKOU,                          §
                                         §
         Movant,                         §
                                         §
v.                                       §   NO. 3:23-CV-2085-L
                                         §   (NO. 3:19-CR-160-L-1)
UNITED STATES OF AMERICA,                §
                                         §
         Respondent.                     §

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Komla Detsikou's ("Movant") Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") filed September

18, 2023. The government contends that the motion is not timely. The court agrees, denies the

Motion, and **dismisses with prejudice** this action.

I.     BACKGROUND

On September 25, 2019, Movant was named in a twenty-three count second superseding

indictment charging him in count one with conspiracy to interfere with commerce by robbery, in

violation of 18 U.S.C. § 1951(a), in counts two, eight, ten, twelve, fourteen, sixteen, eighteen, and

twenty with interference with commerce by robbery and aiding and abetting, in violation of 18

U.S.C. §§ 1951(a) and 2, and in counts three, nine, eleven, thirteen, fifteen, seventeen, nineteen,

and twenty-one with using, carrying, and brandishing a firearm during and in relation to a crime

of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. CR ECF

No.[1] 53. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the

---

[1] The "CR ECF No. ___" reference is to the number of the item on the docket in the underlying criminal case, No.

**Memorandum Opinion and Order – Page  1**

offenses charged in counts eight, nine, fourteen, and fifteen and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 174. The plea agreement set forth that it was freely and voluntarily made and not the result of force, threats, or promises, and that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances. *Id.* Movant also signed a factual resume that set forth the elements of the offenses to which he was pleading guilty and the stipulated facts establishing that he had committed those offenses. CR ECF No. 176. Movant testified under oath at the plea hearing to all the facts necessary to establish that his plea, including the waiver of right to appeal, was knowing, voluntary, and intelligent and that there was a factual basis to support the plea. CR ECF No. 310. On February 7, 2022, the court sentenced Movant to terms of imprisonment of 60 months as to counts 8 and 14, to run concurrently, 84 months as to count 9, to run consecutively to counts 8 and 14, and 84 months as to count 15, to run consecutively to counts 8, 9, and 14, for a total aggregate sentence of 228 months. CR ECF No. 260. He did not appeal, having waived the right to do so. CR ECF No. 174, ¶ 12.

## II.    THE MOTION

On September 12, 2023, Movant filed his motion under Section 2255. ECF No.[2] 1 at 14.[3] He alleges two grounds in support: (1) He received ineffective assistance because his counsel failed to file a notice of appeal as instructed; and (2) Under recent Supreme Court law, he is actually

---

3:19-CR-160-L-1.

[2] The "ECF No. ___" reference is to the number of the item on the docket in this civil action.

[3] The page number references to the motion are to "Page ___ of 19" reflected at the top right portion of the document on the court's electronic filing system.

**Memorandum Opinion and Order – Page 2**

innocent of the offenses charged in counts 9 and 15 of the second superseding indictment. *Id.* at 4, 5.

## III.     LIMITATIONS

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d

**Memorandum Opinion and Order – Page  3**

408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries were closed due to the Pandemic, the prison mail systems were not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S. D. Tex. Sept. 8, 2021) (citing cases). Lack of familiarity with the English language does not constitute a rare or exceptional circumstance. *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (irrelevant whether unfamiliarity with the law is due to illiteracy or any other reason)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Briones v. Director*, No. 3:21-CV-957-B-BN, 2024 WL 1254802, at *2 (N.D. Tex. Mar. 22, 2024); *United States v. Saunders*, No. 18-168, 2023 WL 3253659, at *3 (E.D. La. May 4, 2023); *Navar-Garcia v. United States*, No. EP-12-CV-415-KC, 2013 WL 327669, at *3 (W.D. Tex. Jan. 29, 2013) (citing *United*

**Memorandum Opinion and Order – Page 4**

*States v. Cordova*, 202 F.3d 283 (10th Cir. 1999)).

IV.     ANALYSIS

Movant admits that his judgment became final on February 21, 2022, when the time for filing a notice of appeal ran, and that no timely motion under Section 2255 was filed. ECF No. 1 at 13. He blames this on his "ex-lawyer having him under the impression that a Notice of Appeal had been filed on his behalf." *Id.* He alleges that he discovered after talking to a federal paralegal specialist on June 14, 2023, that no notice of appeal had actually been filed. *Id.* His declaration in support does not provide any further factual detail. In sum, Movant avers that after he was sentenced he "specifically instructed [his] ex-lawyer Paul Saputo to file a Notice of Appeal on [his] behalf and [his] ex-lawyer [led him] to believe that such Notice of Appeal had been filed and [his] Direct Appeal proceedings were pending before the Fifth Circuit." *Id.* at 16. Movant appears to be of the belief that he had one year from June 14, 2023, in which to file a motion under Section 2255. *Id.* at 13.

In its response, the government points out why the Motion is untimely and Movant is not entitled to equitable tolling. ECF No. 8. In his reply, Movant makes no attempt to provide any facts that would support his position. ECF No. 9. That his attorney failed to file a notice of appeal after having been instructed to do so, if true, is not enough. Rather, Movant has the burden to show that he exercised reasonable diligence and that some extraordinary circumstance stood in his way and prevented the timely filing of his Motion. *Holland*, 560 U.S. at 649. Here, Movant does not purport to have exercised any diligence until June 14, 2023, almost sixteen months after his conviction became final. He does not describe any contact whatsoever with his counsel after the sentencing. He does not describe what counsel allegedly did to lead him to believe that a notice of appeal had been filed. Movant does not explain why he did not contact counsel to inquire about

**Memorandum Opinion and Order – Page 5**

the status of the appeal. He does not explain why he could not have requested a copy of his docket sheet or made any inquiry whatsoever of the clerk's office to determine the status of an appeal.[4] He did nothing. Complete inactivity is not diligence. *United States v. Rodriguez*, 858 F.3d 960, 963 (5th Cir. 2017). Failing to inquire about the status of his appeal until nearly sixteen months had passed is not sufficient to entitle Movant to equitable tolling. *Id.* at 963–64. The facts supporting Movant's claim "could have been discovered through the exercise of due diligence anytime during the proceeding months." *Id.* at 964. Moreover, after he learned that the appeal had not been filed, Movant waited another three months before filing his Section 2255 motion. That is not diligence and does not entitle Movant to equitable tolling. *United States v. Jackson*, 470 F. App'x 324, 330 (5th Cir. 2012) (citing *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (no equitable tolling after delay of four months); *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999) (no equitable tolling after delay of six months)).

Movant maintains that he is entitled to proceed with his second ground in that he is actually innocent of the gun counts to which he pleaded guilty. ECF No. 1 at 5, 13. Movant waived his right to appeal or collaterally attack his conviction and sentence. CR ECF No. 174, ¶ 12 (specifically referencing proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255). Movant's waiver was knowing and voluntary. CR ECF No. 310 at 13–15. It bars Movant from seeking relief here. *United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022). The waiver is effective even though he relies on a Supreme Court case that was decided after his judgment became final. *Id.*

---

[4] As the court has recognized, prisoners routinely inquire about the status of their cases and obtain copies of docket sheets. *Valdez v. United States*, No. 20-CV-1047-O, 2021 WL 1171895, at *2 (N.D. Tex. Mar. 26, 2021) (denying equitable tolling when movant waited more than a year to inquire whether counsel had filed a notice of appeal on his behalf).

Memorandum Opinion and Order – Page 6

Even had he not waived the right to raise it, Movant could not prevail on his second ground. Movant relies on *United States v. Taylor*, 596 U.S. 845 (2022)—which held that attempted Hobbs Act robbery is not a crime of violence, to argue that Hobbs Act robbery is not categorically a crime of violence—and therefore his gun convictions cannot stand. ECF No. 1 at 8. The argument is convoluted to say the least. Hobbs Act robbery is a crime of violence. *United States v. Robinson*, 67 F.4th 742, 750–53 (5th Cir. 2023). *See United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 207 (2023) (Hobbs Act robbery is a crime of violence under the elements clause); *United States v. Madrid-Paz*, No. 22-20397, 2023 WL 7013354, at \*2 (5th Cir. Oct. 24, 2023) (same). Aiding and abetting Hobbs Act robbery is also a crime of violence. *Hill*, 63 F.4th at 363 (holding there is no distinction between those convicted of aiding and abetting and those convicted as a principal under federal law); *United States v. Waite*, No. 18-2651, 2023 WL 3730447, at \*1 (2d Cir. May 31, 2023) (finding that *Taylor* did not disturb holding that aiding and abetting Hobbs Act robbery is a proper predicate under 924(c)). Movant stipulated that guns were used in the robberies he perpetrated and property was taken from employees against their will by means of actual and threatened force, violence, and fear of immediate injury to their persons. CR ECF No. 176. Violence was used. *See* CR ECF No. 218, ¶¶ 14–15, 19–20, 26, 36–37, 45–46. There was no miscarriage of justice in this case.

**Memorandum Opinion and Order – Page  7**

## V.     CONCLUSION

For the reasons discussed herein, the relief sought in Movant's Motion is **denied, and the court dismisses with prejudice this action**.   Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **denied**.[5]

**It is so ordered** this 29th day of August, 2024.

Sam A. Lindsay
United States District Judge

---

[5] Rule 11 of the Rules Governing § 2255 Cases, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.   If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).   If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.   A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.   A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.

**Memorandum Opinion and Order – Page  8**